UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| WILLIAM D. GARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   3:05-cv-116-WGH-DFH |
| | ) |
| CITY OF EVANSVILLE, | ) |
| | ) |
| Defendant. | ) |

# MAGISTRATE JUDGE'S ORDER
# ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter came before the Honorable William G. Hussmann, Jr., United States Magistrate Judge, in Evansville, Indiana, at 9:00 a.m., on November 4, 2008, for oral argument.[1]  Mr. Garrett was present in person and represented by counsel, Darlene Carole Robinson.  Defendant was represented by counsel, Joseph H. Harrison, Jr., and Robert W. Rock.

The Magistrate Judge, being duly advised, hereby enters the following

**ORDERS:**

1. The Defendant's Motion for Summary Judgment requesting that the plaintiff's retaliation claim be dismissed is **DENIED** because the Magistrate Judge finds that contested issues of fact remain to be resolved.  Specifically, it is clear that the plaintiff in this case has exercised his right to file EEOC Charges on

---

[1] The parties consented to Magistrate Judge jurisdiction in this case. (Docket Nos. 33, 36).  District Judge David Frank Hamilton entered an Order of Reference on December 8, 2005.  (Docket No. 37).

several occasions (January 29, 2002; October 3,2002; November 19, 2003; May 13, 2004; September 27, 2004), and has had his attorney raise issues of racial discrimination through formal letters directed to the City on two occasions prior to May 2, 2005 (July 5, 2002; May 3, 2004).  Plaintiff filed yet another Charge of Discrimination on May 2, 2005.  His attorney sent a letter to the City officials on May 4, 2005, advising the defendant that he had filed the most recent Charge.  On May 6, 2005, the plaintiff was suspended pending an investigation about whether he should be terminated for misconduct.  The plaintiff's formal termination did not occur until May 26, 2005.  The decision maker in this case, Mr. Fithian, in his deposition at page 18, indicated that at the time he was considering whether to terminate the plaintiff, he was aware that the plaintiff had filed Charges with the EEOC.  His testimony is equivocal as to whether he was aware only of prior Charges, or whether he was aware of the most recently filed Charge.  Although not required to so conclude, a reasonable jury could conclude that the City's decision to terminate the plaintiff (rather than take some lessor sanction); or its decision not to allow the plaintiff to have legal assistance in any investigation of the most currently alleged misconduct; or its decision not to more fully investigate the most recent charges of misconduct was motivated by the fact that plaintiff had filed yet another Charge with the EEOC.  It appears that the City could have received the most recently filed charge between the time the letter notifying the plaintiff of his suspension had been written, but before the final decision to terminate him

occurred. There are sufficiently disputed facts and inferences to be drawn that a jury must determine the retaliation claim.

      2. The Motion for Summary Judgment addressing the plaintiff's claim of racial discrimination is **TAKEN UNDER ADVISEMENT,** and a further order will enter on that portion of the motion at a later date. Because so many of the incidents surrounding the retaliation claim are also germane to the discrimination charge, the court will likely resolve the additional claim of discriminatory discharge at the time of trial.

      **SO ORDERED.**

**Dated:** November 18, 2008

                                            WILLIAM G. HUSSMANN, JR.
                                            Magistrate Judge

**Electronic copies to:**

Joseph H. Harrison Jr.
BOWERS HARRISON, LLP
jhj@bowersharrison.com

David L. Jones
BOWERS HARRISON LLP
dlj@bowersharrison.com

Dale Franklin Krieg
O'LEARY & ASSOCIATES
office@olearylaw.net

Darlene Carole Robinson
ROBINSON & ASSOCIATES
office@olearylaw.net

Robert W. Rock
BOWERS HARRISON LLP
rwr@bowersharrison.com

Arthur D. Rutkowski
BOWERS HARRISON, LLP
adr@bowersharrison.com